UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD MARULLO AND TAMMY RICHARD | CIVIL ACTION |
| v. | NO.: 2:14-cv-01131 |
| DOLLAR GENERAL CORP., ET AL. | SECTION: C |

## ORDER AND REASONS[1]

Before this Court is the plaintiffs' motion to remand their Petition for Damages to state court. Rec. Doc. 5. Defendants oppose this motion. Rec. Doc. 7. Having considered the record, the memoranda of counsel and the law, the Court hereby DENIES plaintiffs' motion to remand.

## I. BACKGROUND

The plaintiffs' claim for damages arises out of an armed robbery that took place at a Dollar General Store in New Orleans on February 23, 2013. Rec. Doc. 5-1 at 1. Plaintiffs filed this action in state court on December 6, 2013, seeking damages for "acute pain and suffering, debilitating mental anguish and emotional distress, and loss of enjoyment of life." *Id.* at 2. In accordance with Louisiana state law, plaintiffs' complaint did not specify a damages amount. *Id.* However, on January 10, 2014, plaintiffs filed a supplemental and amending petition that stated that each of their claims "does not exceed $75,000, exclusive of costs and interest." Rec. Doc. 5-5 at 5. On January 21, 2014 plaintiffs averred again that their claims do not exceed $75,000 in their response to defendants' requests for admission. Rec. Doc. 5-7 at 2. On May 5, 2014 plaintiffs sent defendants a settlement demand letter seeking $75,000 in "general damages" for each individual, in addition to a little more than $21,000 for past and future medical treatment for

---

[1] William Simoneaux, a second year law student at New York University School of Law, assisted in the preparation of this Order and Reasons.

1

each. Rec. Doc. 5-11 at 5. Defendants promptly removed this action after receiving the settlement letter, arguing that the letter was an "other paper" making the case removable for the first time. Rec. Doc. 7 at 6. Plaintiffs move to remand, contending that the settlement letter is not dispositive proof of amount in controversy and, when examined in light of additional evidence, does not show that their claims exceed the jurisdictional amount. Rec. Doc. 5-1 at 10-11.

## II. STANDARD OF REVIEW

The Court considers jurisdictional facts as they exist "at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The defendants, the removing parties, "bear the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages" defendants bear the burden of proof of amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 882 (5th Cir. 2000) (internal citations omitted) (citing *Luckett v. Delta Airlines, Inc.* 171 F.3d 295 (5th Cir. 1999)). When the plaintiff has not pleaded a specific damages amount, the removing defendants must show that the case plaintiff's claims satisfy the amount in controversy requirement by a "preponderance of the evidence . . . ." *De Aguilar*, 47 F.3d., at 1411. The defendant has the option of showing either that it is " 'facially apparent' that [plaintiff's] claims probably exceed $75,000" or that "facts in controversy in the removal petition or an accompanying affidavit" establish the amount in controversy. *Felton v. Greyhound Lines, Inc.* 324 F.3d 771, 773-74 (2003) (citation omitted).

A. Defendants have proved the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Neither party challenges the existence of diversity of citizenship. Rather, defendant claims that the settlement demand letter shows by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rec. Doc. 7 at 8. The Fifth Circuit has held that a settlement demand later may constitute an "other paper" per 28 U.S.C. § 1446(b) giving notice that a case has become removable. *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). A number of district court decisions within the Fifth Circuit have looked to settlement demand letters as "relevant evidence" of the amount in controversy. *Creppel v. Fred's Stores of Tennessee*, No. 13-734, 2003 WL 3490927 (E.D. La. July 10, 2013) (quoting *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987 (M.D. La. May 13, 2008 (holding that a settlement demand detailing the plaintiff's injuries and expenses and requesting $150,000 in damages sufficiently evidenced the amount in controversy)). *See also Clark v. Nestle USA, Inc.*, 2004 WL 1661202 (E.D. La. July 22, 2004) (finding that a settlement demand letter requesting $400,000 was an "other paper" making defendant's subsequent removal untimely); *Cole v. Knowledge Learning Corp.*, No. 09-2760, 2009 WL 1269591 (E.D. La. May 6, 2009) aff'd sub nom. *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437 (5th Cir. 2011) (denying remand on the basis of a detailed settlement demand letter showing amount in controversy). Settlement demand letters evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of her claims. *Cole*, 2009 WL 1269591, at *4.

Here, as in *Cole*, plaintiffs' letter "recites the alleged injuries suffered by plaintiff, computes the alleged special damages suffered, and puts forth a final settlement figure." *Id.*; *see* Rec. Doc. 7-4 (plaintiffs' each claim $75,000 in "general damages" in addition to roughly $21,000 in medical expenses). Although plaintiffs cite a number of cases for the proposition that settlement demands are often "inflated" (Rec. Doc. 5-1 at 11), the Fifth Circuit has recognized

3

that plaintiffs often make settlement offers for amounts lower than they value their claims at in order to offset the risk of loss at trial. *Pollet v. Sears Roebuck & Co.*, 46 Fed.Appx. 226, *1 n. 5 (5th Cir. 2002) (citation omitted). Plaintiffs have not actually argued that their settlement offer was inflated. *See* Rec. Doc. 5-1 at 11. Merely arguing that settlement offers are generally inflated does not support that the settlement offer in question is inflated. *See Creppel*, 2013 WL 3490927 at *4. (citation omitted) ("Plaintiffs' observations that . . . initial settlement offers are 'usually subject to significant negotiation' do not amount to contentions that Mr. Creppel's settlement demand was inflated or did not reflect an honest assessment of his damages."). Furthermore, the letter itself does not contain any "indicia of posturing or a lack of seriousness" that would evidence that plaintiffs' offer was inflated. *Cole*, 2009 WL 1269591 at *4. It "extensively addresses [Plaintiffs'] injuries, treatment, and medical expenses, with references to supporting documentation . . . ." *Creppel*, 2013 WL 3490927 at *4. "[Plaintiffs'] symptoms include, but are not limited to, significant weight loss, loss of appetite, loss of interest and pleasure, numbness coupled with emotional eruptions . . . Richard and Tammy continue to fear for their safety as the gunman – who saw their faces – was never caught."  Rec. Doc. 7-4 at 3.

Plaintiffs contend that the settlement letter is not dispositive evidence, especially when weighed against additional evidence that the amount in controversy is lower than $75,000. Rec. Doc. 5-1 at 11. Specifically, plaintiffs ask the Court to consider their amended petition stipulating that each of their claims do not exceed $75,000. Rec. Doc. 5-5 at 5.[2]  Such a stipulation is not binding in light of La. Code Civ. P. art. 862, which allows plaintiffs in Louisiana State court to recover more than they stipulate to in their pleadings. *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D. La. Nov. 3, 2003). Furthermore, the language

---

[2] Plaintiffs used similar language in their responses to defendants' requests for admission concerning the amount in controversy. Rec. Doc. 5-7 at 1-2.

of plaintiffs' stipulation does not sufficiently bind them. "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Hammel v. State Farm Fire & Cas. Co.*, 2007 WL 519280 at (E.D. La. Feb. 14, 2007) (citing *Crosby*, 2003 WL 22533617). Plaintiffs stipulate that their claims do not exceed $75,000 but do not explicitly waive their right to collect a judgment in excess of that amount. Rec. Doc. 7-2 at 2.

This court has frequently recognized that these types of stipulations, although not binding, are "strong evidence of the jurisdictional amount . . . ." *See e.g.*, *Ware v. Asi Lloyds Ins. Co.*, 2011 WL 976598 at *1 (E.D. La. Mar. 17, 2011). The difficulty for the plaintiffs in this instance is that defendants have also provided strong evidence of the amount in controversy in the form of a detailed settlement demand letter. Defendants also note that plaintiffs failed to respond to defendants' request that they file a stipulation that would "waive and release any claims in excess of $75,000 against Dollar General Corporation and/or Dolgencorp, LLC," meaning plaintiffs would "agree not to execute any judgment rendered in excess of $75,000 . . . ." Rec. Doc. 7-7 at 2. A defendant may meet his evidentiary burden by pointing to the "absence" of such a binding stipulation and a settlement demand letter indicating that the amount in controversy exceeds $75,000. *Daniels v. Metro. Prop. Cas. Ins. Co.*, 2003 WL 22038371, (E.D. La. Aug. 25, 2003). Therefore, defendants have proved that the amount in controversy exceeds $75,000 by a preponderance of the evidence in spite of plaintiffs' non-binding stipulation to the contrary.

Lastly, the nature of plaintiffs' claims does not reveal much about the amount in controversy. Plaintiffs repeatedly argue that their claims are for only emotional, as opposed to

physical, damages and for that reason will not exceed $75,000. Rec. Doc. 5-1 at 9; Rec. Doc. 11 at 1-2. They cite cases in which courts upheld damage awards lower than $75,000 for emotional injuries. Rec. Doc. 11 at 4-5. These cases are not particularly helpful to plaintiffs' cause. For instance, plaintiffs cite a $50,000 damage award based on fear of developing cancer in *Lester v. Exxon Mobil Corp.*, 2010-CA-1709 (La. App. 4 Cir. 6/26/13); 120 So.3d 767. This amount does not include certain plaintiffs' medical expenses, which when added to the $50,000 tally more than $80,000 in damages for those plaintiffs. *Id.* at 772-73. Plaintiffs in the instant case have also pled damages for medical treatment in the amount of $21,162.50 each. Rec. Doc. 7-4 at 5. *See also* Rec. Doc. 7-1 at 3 ¶ 15-16. Should plaintiffs' receive a slightly higher general damages award than the $50,000 the plaintiffs in *Lester* received for fear alone, (e.g. the $75,000 asked for in their settlement offer), their claims would exceed the amount in controversy.

Other examples cited by plaintiff are: $45,000 in damages for the emotional distress of a seven year old accidentally shot in the head with a pellet gun, *Guillot v. Doe*, 2003-1754 (La. App. 3 Cir. 6/30/04); 879 So.2d 374, $15,000 in damages for a child who witnessed the death of his grandmother, *Dickerson v. Lafferty*, 32, 658 (La. App. 2 Cir. 1/26/00); 750 So.2d 432, and $1666.66 per plaintiff for three children who saw their father get ejected from a car in an accident. *LaCour v. Safeway Ins. Co.*, 96-61 (La. App. 3 Cir. 6/19/96); 676 So.2d 761. None of these factual scenarios closely mirrors what plaintiffs' endured. Notably, plaintiffs cited cases with much higher damage awards in their settlement offer. Rec. Doc. 7-4 at 5. Plaintiffs attempt to distance themselves from these cases by pointing out the greater severity of the injuries involved and asserting that their "$75,000 [general damages] demands were reasonable in context." Rec. Doc. 5-1 at 11. In denying remand this Court chooses to trust plaintiffs' assessment of their own claims more than questionable comparisons to analogous cases.

6

B. Plaintiffs have not shown with legal certainty that their claims are less than $75,000.

Because defendants have shown that the amount in controversy exceeds $75,000 by a preponderance of the evidence, "plaintiffs must . . . show with legal certainty that their claims are really less than $75,000." *Crosby*, 2003 WL 22533617, at *2 (citing *De Aguilar* 47 F.3d at 1411-12). A plaintiff may satisfy this burden "by: (1) showing state procedural rules binding the plaintiffs to their pleadings, or (2) filing a binding stipulation or affidavit to that effect with their petition." *Creppel*, 2013 WL 3490927, at *3 (citing *De Aguilar* 47 F.3d at 1412). As discussed above plaintiffs' stipulation in their amended complaint is not sufficiently binding because it does not renounce their right to collect more than $75,000. *See supra* Part III.A ¶ 3. Also, nothing prevents plaintiff from simply amending their complaint. *Norris v. Wal-Mart Stores, Inc.*, 2006 WL 1476045 at *3 (W.D. La. May 24, 2006) ("Nothing would preclude Plaintiff from amending her petition, perhaps after the one year period for removal of diversity cases has passed, to seek more damages."). Accordingly,

IT IS ORDERED that plaintiff's Motion to Remand is hereby DENIED. Rec Doc. 5.

New Orleans, Louisiana this 21st day of July, 2014.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**