UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD MARULLO AND TAMMY RICHARD** | **CIVIL ACTION NO. 14-cv-1131** |
| **VERSUS** | **SECTION "C"** |
| **DOLLAR GENERAL CORP., ET AL** | **HON. HELEN BERRIGAN** |

### Order and Reasons

This matter comes to the Court on defendants' motion for summary judgment. Rec. Doc. 23. Plaintiffs oppose the motion. Rec. Doc. 54. The motions are before the Court on the briefs without oral argument. Having considered the record, the law, and the memoranda of counsel, the Court hereby, and for the reasons that follow.

    I.    **Factual background**

This matter arises out of an armed robbery that took place on February 23, 2013 at the Dollar General store at 1111 Poland Avenue in New Orleans, Louisiana ("Dollar General"). Rec. Doc. 1-2. According to Tammy Richard and Richard Marullo ("plaintiffs"), on that morning they had gone to the Dollar General for coffee and breakfast. Rec. Doc. 54-2 at 29:4-23; 54-3 at

36:17-24, 41:1-13. Unbeknownst to them, an armed robbery was in progress at the time. Rec. Doc. 54 at 3. The perpetrator had forced two Dollar General employees, Tamika Sparks and Evangeline Moses, to the back of the store to open its safes, which were on a "timer-control" that prevented them from opening immediately. Rec. Doc. 54-4 at 42-59. When plaintiffs entered the store, the perpetrator had compelled the employees to return to the front of the store where the cash register was situated. Rec. Doc. 54-4 at 50-51; Rec. Doc. 54-5 at 30-31. Ms. Richard states that the perpetrator held a gun to the back of her head. Rec. Doc. 54-3 at 37:1-5. The perpetrator then forced the plaintiffs and the employees, as well as another customer who had entered the store with the plaintiffs, to the office in the back of the store where the safes still had not opened because of their timer-control locks. Rec. Doc. 54-2 at 31:1-7; Rec. Doc. 54-3 at 38:1-9; Rec. Doc. 54-2 at 32:13-19; Rec. Doc. 54-3 at 38:14-19. While the plaintiffs were held in the office, they saw a police officer enter the store, heard shots, and watched him fall to the ground. Rec. Doc. 54-2 at 32:20-24; Rec. Doc. 54-3 at 38:22-39:15. Mr. Marullo used the injured officer's radio to call for assistance and stayed with the officer while waiting for help to arrive. Rec. Doc. 54-2 at 31:1-13; Rec. Doc. 54-3 at 39:5-20; Rec. Doc. 54-3 at 39:6-15. No security guard was on duty at the time of the robbery. Rec. Doc. 1-2 at 12.

    Plaintiffs claim that following the incident, they have experienced acute pain and suffering, debilitating mental anguish and emotional distress, and loss of enjoyment of life. Rec. Doc. 1-2 at 3-4. They subsequently sued the defendants for negligently failing to have a security plan in place, have a security guard on duty, and take other actions to prevent the incident and the case was removed to this Court. *Id*. at 3.

## II. Standard of review

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**III.     Law and Analysis**

      *a.  Defendants' Motion for Summary Judgment*

In their motion for summary judgment, defendants argue that in order to prevail in this negligence action, the plaintiffs must show that defendants had a duty to provide security and protect them from the acts of a third party. Defendants assert that plaintiffs' action must fail because they cannot show that the armed robbery was foreseeable, and thus cannot show that defendants owed plaintiffs this duty. Rec. Doc. 23-3.

Because this matter is in federal court under 28 U.S.C. §1332, the underlying claim is governed by Louisiana law on premises liability. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To determine state law, "federal courts sitting in diversity look to the final decisions of the state's highest court," or in the absence of a final decision, "it is the duty of the federal court to determine . . . how the highest court of the state would resolve the issue." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) (internal citations omitted).

The Supreme Court of Louisiana has held that courts should conduct a balancing test to determine whether a landowner owes a duty to protect patrons from the violent acts of third parties. In *Posecai v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court provided that:

> The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as surveillance cameras, installing improved lighting or fencing, or trimming shrubbery.

752 So.2d 762, 768 (La. 1999). The most important factor in performing the balancing test is the "existence, frequency and similarity of prior incidents of crime on the premises." The "location,

4

nature and condition of the property should also be taken into account. *Id*. In addition, the balancing test allows courts to consider the

> various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on the defendant and on similarly situated parties; the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving.

*Id*. at 766. In particular, the court specified that

> [t]he economic and social impact of requiring businesses to provide security on their premises is an important factor. Security is a significant monetary expense for any business and further increases the cost of doing business in high crime areas that are already economically depressed.

*Id*. at 768.

Moreover, as plaintiffs point out, a business owner may assume a duty through its own actions. In *Harris v. Pizza Hut*, the Louisiana Supreme Court stated that "when a duty to protect others against [the criminal activities of third persons] has been assumed, liability may be created by a negligent breach of that duty." 455 So.2d 1364, 1371 (La. 1984). In that case, the court found that because the defendant, Pizza Hut, had accepted the duty of hiring a security guard, it was also under a duty to ensure that the security guard discharged his obligations in a reasonable and prudent manner. *Id*. at 1372. *See also*, *Thomas v. Eagle Properties of Alexandria*, 100 So.3d 382, 384 (La. App. 3 Cir. 2012) ("A duty of protection which has been voluntarily assumed must be performed with due care.") (internal citations and quotations omitted).

The Court finds that when applying the *Prosecai* factors, Dollar General did not have a duty to protect plaintiffs from an armed robbery. Although the store was apparently the site of frequent thefts, there is no evidence of previous violent crimes on the Dollar General premises that would have put Dollar General on notice that an armed robbery was likely to occur. *See, e.g.,* Rec. Doc. 54-5 at 21:1-9. In *Posecai*, the Louisiana Supreme Court held that three previous

predatory incidents on store premises in the six and a half years prior to the robbery at issue in that case did not create a duty to protect customers from armed robbery. The court looked closely at the timing and nature of the incidents and found that only one bore resemblance to the robbery that the plaintiff experienced. *Posecai*, 752 So.2d at 768-69. Here, plaintiffs have not shown any previous crimes on Dollar General premises that resembled the armed robbery of February 23, 2013.

Moreover, while plaintiffs contend that the Dollar General was located in a high crime area, the Court, like the Louisiana Supreme Court, finds that being located in a high crime area alone is insufficient to create a duty to protect from third party criminal acts. In *Posecai*, the Louisiana Supreme Court held that the defendant, Sam's Wholesale Club, owed no duty to protect plaintiff from violent crime in its parking lot though the surrounding area was "heavily crime impacted." *Posecai*, 752 So.2d at 769. Indeed, as Dollar General points out, if mere location in a high crime area created a duty to protect from third party criminal activity, then the cost of taking additional safety measures might deter many businesses in New Orleans from entering economically depressed areas that often experience high crime rates. Rec. Doc. 23-3 at 13. For this reason, the Court also finds that there was no heightened duty to provide security guards.

However, the Court finds that there is an issue of material fact as to whether defendants assumed a duty to protect plaintiffs from the criminal acts of third parties by utilizing the Iverify video monitoring and intercom system and its own security protocols. As noted above, the Louisiana courts have affirmed the principle that "a duty of protection which has been voluntarily assumed must be performed with due care." *Thomas*, 100 So.3d at 384. In this case, defendants employed the Iverify video monitoring and intercom system for security purposes.

Rec. Doc. 54-8 at 23:2-26:7. Plaintiffs cite to evidence that there may have been a conflict between defendants' Standard Operating Procedures, which instructed its employees to "comply with the robber's demands," and "not make any sudden movements and keep hands in sight at all times," and testimony from the store manager, Anthony Baker, that one of the employees on duty should have "hit a panic button" to summon help. Rec. Doc. 54-17 at 3; Rec. Doc. 54-8 at 41:7-42:3. Plaintiffs also show that there was significant misunderstanding over how the Iverify system actually worked and how often the store was monitored, and that this may have resulted from a lack of formal training about the Iverify system. Rec. Doc. 54-4 at 30-31; Rec. Doc. 54-8 at 23:9-12; Rec. Doc. 54-4 at 27:24-28:13. Thus, plaintiffs have raised an issue of material fact over whether Dollar General's implementation of the Iverify system and its own security protocols amounted to the assumption of a duty to protect against third party crimes, and whether that duty was breached.

Accordingly, IT IS ORDERED that Dollar General's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims that defendants had a duty to protect against armed robbery by having a security guard on duty or putting in place security measures beyond the Iverify system and its Standard Operating Procedures are DISMISSED. The Court finds that there is an issue of material fact as to whether defendants assumed a duty to implement its existing security protocols with due care, and will allow the action to proceed on this ground alone.

New Orleans, Louisiana, this 25th day of March 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE