UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MARULLO AND                        CIVIL ACTION NO. 14-cv-1131
TAMMY RICHARD

VERSUS                                     SECTION "C"

DOLLAR GENERAL CORP., ET AL                HON. HELEN BERRIGAN

## Order and Reasons

Before this Court is the plaintiffs' renewed Motion to Remand. Rec. Doc. 77.

Defendants oppose the motion. Rec. Doc. 97. Having considered the record, the

memoranda of counsel and the law, the Court hereby GRANTS plaintiffs' motion.

I.      Factual and Procedural Background

As the Court has recited in its previous Order and Reasons of July 21, 2014, this

action arises out of an armed robbery at a Dollar General Store in New Orleans on

February 23, 2013. Rec. Doc. 5-1 at 1. Plaintiffs were present at the time of the armed

robbery and on December 6, 2013, filed suit in state court seeking damages for "acute

pain and suffering, debilitating mental anguish and emotional distress, and loss of

enjoyment of life." *Id*. at 2.  In accordance with state law, the complaint did not specify a

damages amount. *Id*. On January 10, 2014, plaintiffs amended the complaint to state that

each of their claims "does not exceed $75,000, exclusive of costs and interest." Rec. Doc.

5-5 at 5. During discovery, plaintiffs likewise admitted that their claims were less than

$75,000 in response to defendants' requests for admission. Rec. Doc. 5-7 at 2. However,

on May 5, 2014, plaintiffs sent a settlement demand letter seeking $75,000 each in

"general damages" and roughly $21,000 for medical treatment. Rec. Doc. 5-11 at 5.

Based on this information, defendants removed the action to this Court on May 19, 2014.

Rec. Doc. 1. On June 4, 2014, plaintiffs moved to remand the case to state court. Rec.

Doc. 5. On July 21, 2014, the Court denied the motion. Rec. Doc. 13. The Court found

that plaintiffs' detailed settlement demand letter established that the amount in

controversy exceed $75,000 at the time of removal. *Id*. at 2.

In addition, the Court found that countervailing evidence did not justify remand.

Rec. Doc. 13 at 7. Although plaintiffs had stipulated in their complaint that they did not

seek more than $75,000 in damages, the Court found that the stipulation was insufficient.

The Court reasoned that once a defendant has shown that the amount in controversy

exceeds $75,000 by a preponderance of the evidence, a plaintiff must show with legal

certainty that their claims are really less than $75,000. *Crosby v. Lassen Canyon Nursery,*

*Inc*., 2003 WL 22533617, *2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12

(5th Cir. 1995)). A plaintiff may satisfy this burden by filing a binding stipulation or

affidavit to that effect with their petition. *De Aguilar*, 47 F.3d at 1412. The Court found

that plaintiffs' stipulation was not binding since they did not renounce their right to

collect more than $75,000 and "nothing prevents plaintiff from simply amending their complaint." Rec. Doc. 13 at 7.

## II.    Law and Analysis

In their renewed Motion to Remand, plaintiffs raise similar arguments. First, plaintiffs point to the nonbinding stipulation in their amended state court complaint. In addition, plaintiffs re-urge that they are not asserting claims for past wage loss, loss of earning capacity, or physical injury. Rec. Doc. 77-2 at 2. Plaintiffs also reveal that defendants have recently made a settlement offer to plaintiffs of only $15,000 each. *Id*. at 3. Finally, plaintiffs argue that defendants may not aggregate the liability of the unknown gunman with their own liability to establish the existence of the jurisdictional minimum, and that absent the gunmen's share of liability, the amount in controversy is far below $75,000. Rec. Doc. 77-2 at 4.

As discussed above, the Court has previously considered the stipulation in the amended state court complaint and the fact that plaintiffs seek only emotional damages to be insufficient to overcome defendants' showing that the jurisdictional amount was met. Rec. Doc. 13 at 5-7. Plaintiffs have not presented additional evidence that changes the Court's evaluation of these factors. Furthermore, the Court finds that defendants' settlement offer does not affect its original determination that the jurisdictional amount was met. It is well-settled that "the jurisdictional facts that support removal must be judged at the time of the removal." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "[S]ubsequent events cannot serve to deprive the court of jurisdiction once it has

attached." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Thus, defendants' settlement offer, made after the time of removal, cannot deprive the court of jurisdiction.

However, the Court agrees that the liability of the unknown gunman may not be included in the determination of whether the jurisdictional minimum was met at the time of removal. Louisiana Civil Code Article 2324 provides that "a joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person. . ." Therefore, defendants are liable only to the extent that their alleged negligence contributed to plaintiffs' injuries, and are not liable for the percentage fault that could be attributed to the unnamed gunman. Furthermore, Fifth Circuit precedent prevents the Court from aggregating the liability of the unknown gunman and the defendants. The Fifth Circuit has held that where a plaintiff brings suit against two or more defendants, liability may be aggregated to attain the jurisdictional amount only if they are jointly liable to the plaintiff. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). *See also Failla v. Dynasty Distributors, Inc.*, CIV.A. 06-16, 2006 WL 860969, *3 (E.D. La. Mar. 24, 2006). Thus, the Court may consider the liability of the defendants only when determining whether the jurisdictional requirement is met, and may not include the liability that may be apportioned to the unknown gunman.

The cases the Court has found which allocate fault between a third party violent assailant and the establishment where the violent crime occurred apportion a far smaller percentage of fault to the business establishment. In *Junot v. Morgan*, a jury found that an intentional tortfeasor who had punched a customer at a Burger King restaurant was 77%

at fault, and that the Burger King restaurant was only 6% at fault. 818 So.2d 152, 160 (La. App. 1 Cir. 2002). In *Gardner v. Griffin*, the jury determined that the City-Parish of East Baton Rouge, which operated a parking garage where a victim was stabbed, was only 25% liable while the assailant was 75% liable. 712 So.2d 583, 585 (La. App. 1 Cir. 4/8/98).

Defendants have not cited to case law following the 1996 amendment of Article 2324 to show that aggregation of their liability with that of the unnamed gunman would be appropriate, or that they would be likely to bear a majority of the fault. Instead, they argue that plaintiffs' cited cases are inapplicable because they involve plaintiffs suing multiple defendants, rather than a tortfeasor not named in the lawsuit. Rec. Doc. 97 at 8. However, as Art. 2323 of the Louisiana Civil Code makes clear, the "degree of percentage of fault of all persons causing or contributing to the injury . . . shall be determined, regardless of whether the person is a party to the action or a nonparty. . . ." Defendants also argue that the cases cited by plaintiffs involve damages of $750,000 and $180,000—far in excess of the jurisdictional minimum. Rec. Doc. 97 at 8. However, in its previous Order and Reasons, the Court stated that "[i]n denying remand this Court chooses to trust plaintiffs' assessment of their own claims" as reflected in the May 5, 2014 settlement demand letter. Rec. Doc. 13 at 6.

The Court continues to trust that the settlement demand letter represented the plaintiffs' accurate valuation of their own claims. Nevertheless, in light of the Louisiana Civil Code's requirements for apportioning liability, the Court now finds that when subtracting the liability that would be borne by the unnamed gunman, the total amount that plaintiffs could seek from defendants does not meet the jurisdictional minimum.

Thus, this action must be remanded to the state court in which it was originally filed. *Failla*, 2006 WL at *2 ("if later evidence shows the claim never could have amounted to the sum necessary to confer jurisdiction. . . then the court must dismiss the case.").

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. §1447(c).

New Orleans, Louisiana, this 3rd day of April, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE